UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

L.P.,

Petitioner,

v.

JULIO HERNANDEZ, *et al.*,

Respondents.

Case No. C26-3554-MLP

ORDER

Petitioner L.P. is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. She filed, through counsel, this 28 U.S.C. § 2241 habeas action, challenging her arrest and redetention, as well as her ongoing immigration detention, as violative of the U.S. Constitution, as well as federal statute and regulation.[1] (Dkt. # 6.) Respondents filed a return memorandum (dkt. # 7), together with supporting declarations from U.S. Department of Homeland Security ("DHS") Deportation Officer Freite Subero Arias (dkt. # 8) ("Subero Arias Decl.") and their counsel Lawrence Van Daley (dkt. # 9) ("Van Daley Decl."). Petitioner filed a traverse in reply. (Dkt. # 10.)

[1] The operative petition in this action is Petitioner's amended petition filed on September 29, 2026. (Dkt. # 6.)

Having reviewed the parties' submissions and the governing law, the Court denies the petition (dkt. # 6) for the reasons set forth herein.[2]

## I. BACKGROUND

Petitioner is a native and citizen of China, who first entered the United States on March 19, 2019, near Santa Teresa, New Mexico without inspection. (Subero Arias Decl., ¶¶ 4-5.) She was discovered by Border Patrol, who determined Petitioner entered the United States unlawfully. (*Id.* ¶ 6.) She was placed into expedited removal proceedings and issued an expedited removal order. (*Id.*) However, she expressed a fear of returning to China and her case was thereafter referred to United States Citizenship and Immigration Services ("USCIS") to provide a credible fear interview. (*Id.*)

On April 24, 2019, USCIS issued Petitioner a Notice to Appear ("NTA"), charging her with being removable pursuant to the Immigration and Nationality Act ("INA"). (Subero Arias Decl., ¶ 7.) The NTA is not in the record. Petitioner was released from immigration custody on May 9, 2019, after being issued an Order of Release on Recognizance ("OREC").

On July 16, 2020, Petitioner was arrested by the Munster, Indiana Police Department for Money Laundering and Officer Subero Arias asserts that "there is no known disposition on that arrest." (Subero Arias Decl. ¶ 9.)

On March 8, 2022, Petitioner attended an immigration court hearing, at which the immigration judge ("IJ") "sustained" the charges of removability as alleged in the NTA, but did not issue a final order of removal. (Subero Arias Decl., ¶ 10.)

On June 17, 2026, the U.S. Drug Enforcement Administration ("DEA") contacted the Portland, Oregon ICE office to inform ICE that they had Petitioner in custody. (Subero Arias

[2] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 3.)

Decl., ¶ 11.) Petitioner contends she was "detained by DEA agents as [a] suspect[ ] in an illegal marijuana growth investigation" but "has not been charged or convicted of any crime." (Dkt. # 6 at 7.) The DEA transferred custody of Petitioner to ICE agents who thereafter cancelled her OREC, served her with a warrant for her arrest, and transferred her to the NWIPC, where she remains detained. (Subero Arias Decl., ¶¶ 12-15; *see* Van Daley Decl., ¶ 2, Exs. 3 (OREC cancellation notice), 2 (warrant).)

On August 5, 2026, Petitioner requested a bond hearing with the immigration court, which subsequently held the hearing on August 14, 2026. (Subero Arias Decl., ¶¶ 17-18.) The IJ denied bond on the basis of lacking jurisdiction. (*See* Van Daley Decl., ¶ 2, Ex. 4 at 2.) In the alternative, the IJ found that, if the court had jurisdiction, it would have denied bond based on Petitioner posing a flight risk. (*Id.*) Petitioner did not appeal the IJ's bond decision. (Subero Arias Decl., ¶ 18.) Petitioner filed a motion for reconsideration of the bond denial, which was later denied on September 14, 2026. (*Id.* ¶¶ 19, 21; *see* Van Daley Decl., ¶ 2, Ex. 5.)

Petitioner attended an immigration hearing on September 28, 2026, and was scheduled for a final hearing to adjudicate her applications for relief from removal. (Subero Arias Decl., ¶ 22.) The date of that hearing, and whether it occurred during this case's pendency, is unknown.

Petitioner filed the instant amended petition on September 29, 2026. (Dkt. # 6.)

## II. LEGAL STANDARDS

District courts may grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). This authority extends to challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A petitioner may obtain relief by showing that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c). A

petitioner bears the burden of proof by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

## III. DISCUSSION

Petitioner raises seven claims for relief, but the overarching thrust of Petitioner's petition is that her purportedly warrantless arrest on June 17, 2026, violated the Fourth and Fifth Amendments to the U.S. Constitution, the Administrative Procedure Act ("APA"), federal statutes, and federal regulations. (Dkt. # 6 at 7-14.) She seeks release from custody. (*Id.* at 15.)

Respondents contend that Petitioner is detained under either 8 U.S.C. § 1225(b)(1)(B)(ii) or § 1226(a), that her redetention comported with due process, and that remaining "challenges to [her] arrest do not support habeas relief." (Dkt. # 7 at 5-12.) Respondents emphasize that, after her arrest, an IJ found Petitioner to be a flight risk and Petitioner did not appeal that decision. (*Id.* at 10.)

The dispositive question here is whether the IJ's post-deprivation bond hearing sufficiently cured any alleged constitutional or statutory violations from Petitioner's earlier arrest and redetention. "Courts in this District have consistently held that, irrespective of other alleged legal errors, petitioners are not entitled to habeas relief when an IJ finds a separate basis for their detention and that basis is unchallenged." *Singh v. Noem*, 2026 WL 482389, at *3 (W.D. Wash. Feb. 20, 2026) (collecting cases). This includes cases, like Petitioner's here, that allege constitutionally deficient process at the time of redetention. *See, e.g.*, *Valdovinos v. Blanche*, 2026 WL 1091282, at *3-4 (W.D. Wash. Apr. 22, 2026).

Petitioner does not acknowledge this line of authority in her petition. (*See generally* dkt. # 6.) In fact, Petitioner does not cite any authority from this District to support her petition or requested relief. (*See generally id.*) Nor does she challenge the IJ's findings or raise any claims

for relief related to the August 14, 2026, bond hearing. (*See generally id.*) *Cf. K.G.M.Q. v. Bondi*, 2026 WL 962609, at *9 (W.D. Wash. Apr. 9, 2026) (acknowledging *Singh* and related authority but emphasizing petitioner in that case "[*did*] affirmatively challenge the IJ's alternative detention finding") (emphasis in original). Here, in contrast, Petitioner only asserts, without further explanation, that "bond was denied because the [R]espondents failed to timely transfer her case from New York to Tacoma." (Dkt. # 6 at 9 (citation omitted).) In her traverse, Petitioner asserts, again without any further explanation or legal analysis, that the IJ's decision was "based on limited facts" and "did not meet the requirement [that] the neutral decision making must happen before the re-detention." (Dkt. # 10 at 5-6.)

Although not cited by Petitioner, courts in this District have found that, generally, post-deprivation bond hearings cannot serve as adequate procedural safeguards because they occur "after the fact" and "cannot prevent an erroneous deprivation of liberty." *See, e.g.*, *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) (citation omitted). However, as the court noted in *Singh*, "The fact that a post-deprivation bond hearing may be insufficient to cure a procedural due process violation at the moment of re-detention does not render the resulting bond decision legally irrelevant." 2026 WL 482389, at *3 (distinguishing, inter alia, *E.A. T.-B.*). The court in *Singh* found that this is because "irrespective of other alleged legal errors, petitioners are not entitled to habeas relief when an IJ finds a separate basis for their detention and that basis is unchallenged." *Id.* Again, Petitioner does not acknowledge or distinguish *Singh*, or assign any legal error to the IJ's August 14, 2026, decision. And because all of Petitioner's claims for relief arise from events pre-dating the IJ's flight risk finding, Petitioner has not demonstrated by a preponderance of evidence that her current detention is unlawful.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's amended petition for writ of habeas corpus (dkt. # 6) is DENIED without prejudice.

Dated this 23rd day of October, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge